Richard Deeds #14946
P.O. Box # 7000
Carson City, NV 89702

✓ FILED        ___ RECEIVED
___ ENTERED    ___ SERVED ON
               COUNSEL/PARTIES OF RECORD

NO COPY

AUG 26 2008

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Richard Deeds, plaintiff, vs. James Benedetti, et al., defendants. | Case No. 3:06-cv-00282-LRH-VPC  PLAINTIFF'S MOTION FOR REVIEW AND MODIFICATION BY DISTRICT COURT OF U.S. MAGISTRATE JUDGE'S ORDER # 76[1] DENYING "Motion For Reinstatement of Action and For Prospective Sanctions for Failure to Produce Documents" (LR IB 3-1) |

Pro se plaintiff Richard Deeds herein does APPEAR and respectfully moves this honorable Court to review and modify Order of U.S. Magistrate Judge Valerie Cooke dated August 14, 2008, document number 76, denying the plaintiff's motion for reinstatement of action and for prospective sanctions for failure to produce documents (#69). This motion is made and based on

---

1. Refers to the Court's docket number

LR IB 3-1, all papers on file herein, and the following memorandum.

<u>Points and authorities</u>

1. <u>Nature of the motion</u>

Opposing counsel undertook to deceive the Court, whereby fraud is readily inferred to have been intended at the time of settlement talks.

Representing defendant Theodore D'Amico, Medical Director of the Nevada Department of Corrections ("NDOC"), Deputy Attorney General Janet E. Traut agreed to refund the plaintiff's filing fee in this action simply to bring about dismissal of causes of action against said defendant in another action wherein motions for summary judgment are pending.

At a motions hearing prior to the last one, D.A.G. Traut openly admitted to having done so in collusion with defendant Theodore D'Amico's attorney in another lawsuit. After settlement talks, DAG Traut has repeatedly drafted settlement papers whereby the Court's own resources have been wasted.

Hoping to facilitate settlement, the U.S. Magistrate Court stopped just shy of finding said fraud took place. Contrary to precedent, U.S. M.J. Valerie Cooke declined to examine the allegation of fraud. According to precedent, as well, the plaintiff needs certain discovery materials to rebut a motion to dismiss in that other case on the grounds of collateral estoppel (claim preclusion), which the defendant refused to produce despite Judge Cooke's order he do so.

The refunded $350.00 filing fee has been spent overcoming said fraud. Except the money was, as a result of the fraud, never paid to the plaintiff, who for acting in good faith has been most ruthlessly penalized. The plaintiff has physical and mental disabilities. These were exploited.

-2-

2.   Facts

The plaintiff, who is pro se, has Crohn's Disease, only about three (3) feet of intestine, and is continually sedated with pain-killing narcotics (codeine and oxycontin). Defendant NDOC Medical Director Theodore D'Amico brought about the surgical removal of the plaintiff's small intestine by deliberately indifferent discontinuation of previously prescribed medicine ("Clonipin"). Thereafter, said defendant withheld additionally medically indicated care in deliberately indifferent manner (medical diet, Glutamine therapy.), in manner whereby subsequent to the plaintiff's death said medical care would appear to the uninformed to have been provided, instead. See, e.g., Richard Deeds v. Robert Barats, et al., # 3:03-cv-0453-LRH-VPC. See also: REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE, doc. # 404, id. (Previously Deeds v. Bayer, et al.).

Said matters are in dispute and await ruling of the Court. Id.

Years later, the pattern of deliberately indifferent deprivation of medical care continued to manifest, whereupon on May 17, 2006 the plaintiff, paying the full filing fee, alleged herein the deprivation of medicine ("Pentasa"), which deprivation had never before been alleged. First Amended Complaint, # 4.

On March 20, 2008, defendant medical director Theodore D'Amico filed his Answer to the complaint, therein making explicit reference to said previously-filed litigation.

> Defendants do note that Plaintiff has had a pre-filing order issued against him for abusive discovery tactics in 3:03-cv-453-LRH-VPC, Deeds v. Bayer.

ANSWER TO CIVIL RIGHTS COMPLAINT, page 3, ll. 7-8.

On April 28, 2008, opposing counsel disclaimed knowledge of the prior litigation ("...could not act with any knowledge of the Bayer case."). OPPOSITION TO MOTION FOR CLARIFICATION AND/OR AMENDMENT OF MINUTE ORDER REGARDING SETTLEMENT STIPULATION OR RELIEF FROM ORDER, which

- 3 -

the plaintiff believes may be at doc. #63 (page 2, lines 19-21).

Judge Cooke heard oral arguments on the plaintiff's motion for clarification upon May 20, 2008 at 2:00 p.m. At that time, opposing counsel DAG Janet E. Traut did openly profess to having consulted with DAG Matthew France regarding settlement negotiations in this matter. Upon review, the Court will note said admission was in the nature of an excited utterance.

Said admission was in direct opposition to DAG Traut's previous, written declaration as to having not acted with "Knowledge of the Bayer case."

Said DAG Matthew France was, in fact, defendant medical director Theodore D'Amico's attorney in Deeds v. Bayer/Barats, et al., USDC case# 3:03-cv-00453-LRH-VPC, wherein summary judgment motions currently await ruling of the Court as to said defendant's previous deprivations of medical care dating back to 1998. Plainly put, DAG Traut lied. Her intent was plain:

Defendants respectfully request that this Court ... dismiss Deeds v. Bayer, 3:03-cv-453-LRH-VPC with prejudice...

Opposition, doc. #63, page 4.

Upon said date of May 20, 2008 at said motions hearing, Judge Cooke remonstrated at length with opposing counsel upon the basis of DAG Traut's conduct.

Opposing counsel was not deterred.

3.   Argument

The plaintiff notes opposing counsel is in violation of FRCP 11 for having openly lied to the Court in doc. #63 as to having lacked "Knowledge of the Bayer case." See: Fed.R.Civ.P. 11(b)(1). As Judge Cooke noted on 5/20/08, DAG Traut's intent was improper in attempting to

-4-

bring about dismissal of the Bayer case, as well.

The Court may reconsider Judge Cooke's ruling of August 14, 2008 (Doc. # 76) if it is clearly erroneous or contrary to law. LR IB 3-1. U.S. Magistrate Judge Cooke did not pass upon the plaintiff's allegation of fraud.

> Whenever an allegation is made that an attorney has violated his moral and ethical responsibility, an important question of professional ethics is raised. It is the duty of the District Court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of its bar.

Erickson v. Newman Corp., 87 F.3d 298, 303 (9th Cir. 1996).

Opposing counsel's plain refusal to comply with Judge Cooke's discovery order clearly warranted sanctions. It was also of relevance to her fraudulent intent because pre-trial discovery is one of four factors which the Court must consider when a defendant claims or asserts collateral estoppel as a defense. See, e.g., Alberto-Culver Co. v. Trevive, Inc., 199 F. Supp. 2d 1004, 1008 (C.D. Cal. 2002), citing Resolution Trust Corp. v. Keating, 186 F.3d 1110, 1116 (9th Cir. 1996) (other citations omitted).

An oral minute order may also serve as a basis for sanctions. Yourish v. California Amplifier, 191 F.3d 983, 987-88 (9th Cir. 1999).

4.   Conclusion

The question arises at what point state officials must desist in their clearly illegal attempts to deny basic medical care. One might hope that that point is finally reached when said state officials are attorneys practicing before this Court.

Respectfully submitted,

Richard Deeds

Richard Deeds - pro se

-5-

## Certificate of Service

I, Richard Deeds, certify I mailed a true copy of the foregoing PLAINTIFF'S MOTION FOR REVIEW AND MODIFICATION BY DISTRICT COURT OF U.S. MAGISTRATE JUDGE'S ORDER #76 DENYING 'motion For Reinstatement Of Action And For Prospective Sanctions For Failure To Produce Documents (LR IB 3-1)' on this 22nd day of August, 2008, to:

Janet E. Traut
Office of the Attorney General
100 N. Carson St.
Carson City, NV 89701-4717

Richard Deeds

Certificate of service