# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RICHARD DEEDS,

      Plaintiffs,

vs.

JIM BENEDETTI, et al.,

      Defendants.

3:06-CV-0282-LRH-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

April 2, 2009

      This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

      Plaintiff filed a motion for clarification and/or amendment of minute order regarding settlement stipulation or relief from order (#63), defendants' opposed the motion (#64) and plaintiff replied (#65). The court then held a hearing on plaintiff's motion for clarification and ordered a revision to the settlement agreement (#67).

      Thereafter, defendants filed a notice of failure of plaintiff to sign settlement agreement and stipulation to dismiss (#68). Plaintiff then filed a motion for reinstatement of action and for prospective sanctions (#69), and an opposition to the notice of failure to sign settlement agreement (#70). Defendants filed a response to plaintiff's motion for reinstatement (#72) and a reply to the opposition to notice of failure to sign settlement agreement (#73). Plaintiff filed a reply to the response to the motion for reinstatement (#75). The court denied plaintiff's motion for reinstatement of action and for sanctions in a hearing on August 14, 2008 (#76).[1]

---

[1] Plaintiff objected to the Magistrate Judge's order (#78). The District Court denied plaintiff's objection and sustained the order denying plaintiff's motion for reinstatement of action (#84).

1   Defendants filed a notice of revision of settlement agreement on August 25, 2008 (#77),
2   plaintiff opposed the revised settlement agreement (#79), defendants filed a notice of corrected
3   settlement agreement (#80), and a reply to plaintiff's opposition (#81). Plaintiff also filed a
4   motion to strike the corrected settlement agreement (#82) and defendants opposed that motion
5   (#83).
6   The court has thoroughly reviewed the record and the motions and recommends that the
7   District Court enter and order enforcing the corrected settlement agreement (#80) and dismissing
8   this case with prejudice.

### I.  **Procedural History**

Richard Deeds ("plaintiff"), a *pro se* inmate, is currently incarcerated at Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#4). Plaintiff brought his civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First and Eighth Amendment rights.[2] *Id.* On December 8, 2006, the court dismissed defendants Benedetti and Jane Doe #2 and count III (#6). In January 2007, plaintiff voluntarily dismissed defendants Crawford and Whorton and count IV (#12, #16, and #17). All but one of plaintiff's claims for relief were dismissed (#s 6 & 53). Plaintiff's remaining claim, Count I, alleges a violation of the Eighth Amendment based upon the delay in delivery of prescription medication (#4).

On March 27, 2008, this court presided over a settlement conference, and the parties negotiated a settlement (#62). As is the court's custom, the court recited the material terms of the settlement on the record, and the parties and counsel acknowledged their agreement to those terms. *Id.* Defendant's counsel agreed to draft a written settlement agreement and the court agreed to retain jurisdiction over the action until the parties lodged the stipulation for dismissal with prejudice with the Clerk of Court on April 18, 2009. *Id.*

---

[2] In count II, plaintiff also alleges a violation of his Fourteenth Amendment right to be "free of arbitrary deprivation of care given other prisoners" (#4 at 5). Plaintiff does not allege that he was deprived of care received by similarly situated inmates with Crohn's Disease; thus, plaintiff does not state a Fourteenth Amendment claim for violation of his equal protection rights.

2

Notwithstanding the parties' settlement of the case, disagreements arose concerning certain provisions of the settlement agreement (#s 63, 64, & 65). The dispute concerns whether the settlement in this action would affect plaintiff's claims in a companion case, *Deeds v. Bayer, et al.*, 3:03-CV-0453-LRH-VPC ("*Deeds v. Bayer*"). On May 20, 2008, this court convened a hearing to attempt to resolve the dispute concerning the draft of the written settlement agreement (# 67). The court granted the motion's for clarification and noted that the March 27, 2008 settlement only concerned claims alleged in this action and directed defendants' counsel to revise the settlement agreement to so state. *Id.* The stipulation and order for dismissal with prejudice was ordered lodged no later than June 4, 2008. *Id.*

Plaintiff refused to sign the revised settlement agreement, which drew defendants' notice that plaintiff had failed to do so, followed by plaintiff's motion to reinstate the action (#s 68 & 69). After the parties fully briefed these matters, the court held another hearing on August 14, 2008 (#76). The court denied plaintiff's motion for reinstatement, but it was agreed and ordered that defendants' counsel would omit the third sentence of the recitals at Section A, page one of the agreement. *Id.* Defendants' counsel was further ordered to confer with the Attorney General concerning the first full paragraph on page four of the proposed agreement to decide whether defendants would agree to revise the language to limit this settlement to this action and without reference to *Deeds v. Bayer*. *Id.* If defendants would agree to this revision, they were ordered to file a notice so advising the court on August 25, 2008, and if they did so, plaintiff had until September 2, 2008 in which to sign the agreement. *Id.*

If plaintiff failed to sign the agreement, defendants were to provide notice to the court on that same date. *Id.* If plaintiff refused to sign the revised settlement agreement, the court advised that it would review the agreement to determine whether it comported with the terms of the settlement reached in March 2008 and would issue a report and recommendation enforcing the settlement agreement and recommending that the action be dismissed with prejudice. *Id.* In the event the defendants would not agree to the revisions in the settlement agreement, defendants were directed to file an answer and discovery would ensue. *Id.*

3

1    On August 25, 3008, defendants filed a notice of the revision of the settlement agreement, but mistakenly attached the proposed settlement agreement *without* the revisions (#77). Defendants counsel filed the correct agreement on September 8, 2008 (#80), but in the interim, plaintiff filed an opposition to the mistakenly filed settlement agreement (#79), and he moved to strike the notice of corrected agreement as a fugitive document (#82). The court construes defendants' notice of correct agreement (#80) as a motion to enforce settlement agreement.

## II.    Discussion and Analysis

Courts have inherent authority to enforce settlement agreements between parties in pending cases. *See Metronet Services Corp. v. U.S. West Communications*, 329 F.3d 986, 1013-1014 (9th Cir. 2003). (*cert. granted and judgment vacated on other grounds by Quest Corp. v. Metronet Services Corp.*, 540 U.S. 1147 (2004); *Doi v. Halekulani Corporation*, 276 F.3d 1131, 1136-1138 (9th Cir. 2002); *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957, (9th Cir. 1994). Moreover, a material term of this settlement agreement was that the court retained jurisdiction over the settlement until the stipulation for dismissal was lodged with the Clerk of Court.

To enforce a settlement agreement, two elements must be satisfied. *Marks-Foreman v. Reporter Pub Co.*, 12 F.Supp 1089, 1092 (S.D.Cal. 1998). First, the settlement agreement must be complete. *Id., citing Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); *Doi*, 276 F.3d at 1137. Second, the settlement agreement must be the result of an agreement of the parties or their authorized representatives concerning the terms of the settlement. *Marks-Foreman*, 12 F.Supp at 1092, *citing Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-1145 (9th Cir. 1977), Doi, 276 F.3d at 1137-1138. Where parties raise objections after the parties agree to a settlement, the court may rightfully deny such objections. *Harrop*, 550 F.2d at 1144.

The court must first decide whether the settlement was complete. *Marks-Foreman, supra*, at 1092. In this case, as in *Doi*, 276 F.3d 1131, the parties spent several hours in private and joint sessions and agreed to settlement of this case. The parties and counsel then reconvened in open court and placed the material terms of the settlement on the record. The parties and counsel agreed and understood that they had a binding settlement agreement that day, that the terms could not be changed, even though a written settlement agreement would follow.

4

A dispute arose concerning whether the settlement of this action would affect plaintiff's other proceeding, *Deeds v. Bayer*, and the court held two hearings to address this issue. The defendants ultimately revised the settlement agreement without any reference to that action, and it limits the settlement to Count I of this case (#80, pages 6-7). The agreement further states that this release "ends forever the disputes which have arisen from Count I of the Complaint as cited above, and the terms, conditions and effects of this agreement *apply only to this matter.*" *Id.* (emphasis supplied).

It is evident that defendants mistakenly attached the unrevised settlement agreement on August 25, 2008; however, the agreement attached to the September 8, 2008 filing correctly resolved, once and for all, the parties' dispute. The offending language is omitted, and it comports with the parties settlement agreement of March 27, 2008; therefore, the court finds the settlement agreement is complete.

The second question is whether the settlement agreement (#80) is the result of an agreement of the parties or their authorized representatives. *Marks-Foreman, supra*, at 1092. There is no dispute that defendants' authorized representative agreed to the settlement terms and there were reduced to a correct writing. Plaintiff does not contest that the most recent settlement agreement (#80) comports with the parties' agreement as he understood it; rather, he contends that defendants acted in bad faith and failed to file the correct settlement agreement timely. The court understands plaintiff's frustration at the delays that have occurred in this action; nevertheless, the correct settlement agreement embodies the parties' original settlement, and it will stand.

### III. Conclusion

The parties received what they bargained for at the March 2008 settlement conference, and this action is at an end.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)© and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and

Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

IV. **Recommendation**

**IT IS THEREFORE RECOMMENDED** that the District Court enter an order as follows:

1. **RATIFYING** the settlement agreement (#80) as a binding settlement agreement;
2. **ORDERING** the defendants' to perform as agreed in the settlement agreement (#80);
3. **DISMISSING** this case with prejudice; and
4. **DENYING** plaintiff's motion to strike fugitive agreement (#82).

**DATED:** April 2, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

6